# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CIVIL ACTION

VERSUS            NO. 03-257

ROBERT THOMAS            SECTION "K"

## ORDER AND OPINION

Before the Court is defendant Robert Thomas's "Memorandum in Support of Reduction of Sentence Under Section 3582(C)(2)" (Doc. 1418) in which he requests a reduction of sentences imposed on March 3, 2005. Having considered defendant's memorandum, the "Government's Memorandum in Opposition to Reduction in Robert Thomas's Sentence Pursuant to 18 U.S.C. §3582(c)(2)," the transcript of defendant's sentencing hearing, and the relevant law, the Court, for the following reasons, DENIES the defendant's motion.

Defendant pleaded guilty to one count each of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (Count 1) and attempt to possess with intent to distribute at least 500 grams, but less than 5 kilograms of cocaine (Count 4).[1] The Sentencing Guidelines provided for an imprisonment range of 30 years to life. The Court, after careful consideration, sentenced defendant to concurrent 18 year terms of imprisonment on Counts 1 and 4, sentences substantially below the low end of the advisory sentencing guideline range. The sentences imposed clearly reflect that the Court granted defendant a downward variance resulting in a non-guideline sentences.

---

[1] Defendant also pleaded guilty to one count of using a communication facility in a drug trafficking offense. Defendant does not seek a reduction of the four year term of imprisonment imposed for that conviction.

Defendant seeks a reduction of his sentence on Counts 1 and 4 pursuant to 18 U.S.C. §3582(c) which provides that a court "may not modify a term of imprisonment once it has been imposed except":

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2). Defendant relies upon Amendment 706 to the Sentencing Guidelines, which became retroactive on March 3, 2008, in seeking a reduction of his sentence. Amendment 706 provides for a two-level reduction in the base offense level for crack cocaine related offenses. U.S.S.G. App. C, Amend. 706; *see United States v. Williams*, 575 F.3d 1075, 1076 (10th Cir. 2009).

Contending that the Court has discretion to reduce his non-guideline sentence, defendant urges that he should receive a corresponding reduction in his sentence on Counts 1 and 4 in light of the amendments to the crack cocaine guidelines. Applying the two level reduction in the base offense level provided for in Amendment 706, the advisory sentencing guideline range for Counts 1 and 4 would be 292-365 months. A proportionate reduction of his sentences would be approximately 177 months on each count. The Government opposes any reduction of defendant's sentence contending that "the district court cannot impose a sentence below the reduced guideline range because of a <u>Booker</u> variance." (Doc. 1415, p. 1). Additionally, the Government urges the Court to decline to exercise its discretion under §3582(c)(2) to reduce defendant's sentence.

The Court need not analyze whether it can "impose a sentence below the reduced guideline

2

range because of a <u>Booker</u> variance" because it declines to exercise its discretion to reduce defendant's sentence. Defendant has already received a substantially lower sentence than that provided for in the then applicable sentencing guideline range or in the sentencing guideline range applicable to the recalculated offense level. Review of the transcript of defendant's sentencing hearing establishes that the Court conscientiously considered a wide range of factors in imposing the sentences of 18 years. The Court finds no reason to exercise any discretionary power to reduce the defendant's sentence. Accordingly,

**IT IS ORDERED** that defendant Robert Thomas' "Motion for Reduction of Sentence" is DENIED.

New Orleans, Louisiana, this 4th day of November, 2009.

>STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE