# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 03-0257 |
| ROBERT THOMAS | SECTION "K" |

## ORDER AND OPINION

Before the Court is defendant Robert Thomas's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Having reviewed the record and the relevant law, the Court, for the reasons assigned, **DENIES** the motion.

### BACKGROUND

Robert Thomas pleaded guilty without a plea agreement to:

- Count 1, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and 50 grams or more of cocaine base,

- Count 4, attempt to possess with intent to distribute at least 500 grams, but less than five (5) kilograms of cocaine, and

- Count 10, use of a communication facility in possession with intent to distribute a quantity of cocaine and crack.

The factual basis admitted by Thomas did not include an admission of cocaine base trafficking and only outlined cocaine distribution activities. However, Thomas's presentence report (PSR) calculated a sentence based on relevant conduct that included trafficking in cocaine base. At the time the Court sentenced defendant, he had a Total Offense Level of 42 and a Criminal History Category score of 1 with an applicable Sentencing Guideline Range of 360 months to life. Thomas raised a number of objections to the presentence investigation report: 1) his base level offense should not include cocaine base amounts of any kind since he did not plead to cocaine base; 2) he was not a

1

leader in the conspiracy and should not be given a four point enhancement; 3) he should receive acceptance of responsibility; 4) he is qualified for the safety valve provision. The Court overruled Thomas' objections finding that cocaine base was involved in the conspiracy, Thomas qualified as a leader, and that he did not qualify for the acceptance of responsibility reduction because he did not admit to trafficking cocaine base.[1] The Court granted Thomas a downward variance resulting in a non-guideline sentence of 216 months, 144 months below the low end of the guideline range.

Defendant appealed his sentence contending that he was entitled to credit for acceptance of responsibility. The Fifth Circuit Court of Appeals affirmed defendant's sentence on December 19, 2008 finding that "the conduct in question here was not 'extrinsic' to the cocaine offense to which he pleaded guilty, but rather part and parcel of it." *United States v. Harris*, 304 Fed.Appx. 270, 272 (5th Cir. 2008). Moreover, the court found "[t]here is an ample foundation for the district court's conclusion that Thomas's challenge to the relevant conduct was 'frivolous and not acceptance of responsibility contemplated by the guideline.'" *Id*. The United States Supreme Court denied defendant's petition for writ of certiorari on April 20, 2009. *Thomas v. United States*, 129 S.Ct. 2034 (2009).

After a 2008 amendment to the Sentencing Guidelines, defendant sought a reduction of his sentence under 18 U.S.C. § 3582(c). The amendment provided a two-level reduction base offense level creating a Total Offense Level for Counts 1 and 4 of 40. This resulted in a Sentencing Guideline Range of 292-365 months. The Court declined to exercise its discretion to reduce defendant's sentence finding that defendant had already received a lower sentence than that

---

[1] The Court concluded that since Thomas qualified as a leader, he was not eligible for the safety valve provision.

provided in the recalculated Sentencing Guideline Range. The Fifth Circuit affirmed finding no abuse of discretion. *United States v. Thomas,* 393 F. App'x 171, 172 (5th Cir. 2010).

Under a 2010 amendment to the Sentencing Guidelines, defendant again sought a reduction of his sentence under 18 U.S.C. § 3582(c). This amendment reduced defendant's Total Offense Level to 35 with a Sentencing Guidelines Range of 168-210 months. The Court granted defendant's motion reducing defendant's sentence to 168 months.

Thomas files this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that he was:

1. Sentenced on the basis of unconvicted offenses involving cocaine base offered by the Government under the rubric of other related conduct;

2. Denied his right to confront witnesses and evidence offered against him at his sentencing hearing;

3. Sentenced based on insufficient evidence in support of his leadership role and the Court's findings regarding the elements of such enhancement were inadequate;

4. Improperly denied credit for his acceptance of responsibility; and

5. Provided inadequate counsel because his attorney failed to raise grounds one through four on appeal.

The United States opposed defendant's Section 2255 motion and urged that Thomas's motion was time-barred among other grounds.

LAW AND ANALYSIS

Thomas's § 2255 motion is untimely because it was not filed within the one-year period of limitation once his conviction became final. Title 28 U.S.C. § 2255 provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

**(1)** the date on which the judgment of conviction becomes final;

3

> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The circumstances provided for in sections (2) through (4) are not applicable to defendant's case. Thus, defendant's case must have been filed within one-year after the judgment of his conviction became final or it will be considered time-barred.

In the context of post-conviction relief, the Supreme Court has determined that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003) (citations omitted). In addition, 18 U.S.C. § 3582(b) provides:

> Effect of finality of judgment - Notwithstanding the fact that a sentence to imprisonment can subsequently be-
>
> **(1)** modified pursuant to the provisions of subsection (c);
> **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a **final** judgment for all other purposes. (emphasis added).

In *Murphy v. United States*, 634 F.3d 1303 (11th Cir. 2011), the Eleventh Circuit concluded that "a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction' and does not alter the date on which the

4

judgment of conviction becomes final' for the purposes of the statute of limitations." *Id.* at 1308 (citations omitted). Further, "[t]he Senate Report accompanying § 3582 confirms that the plain meaning of the statute accords with Congress's intent. *Id*. "Congress explained that subsection (b) makes 'clear' that though a prison sentence could be 'modified' after imposition by way of 'three safety valves,' . . . the 'judgment of conviction is final.'" *Id.* (citing S.Rep. No. 98–225, at 96 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3304). The Ninth Circuit Court of Appeals has similarly agreed in *United States v. Schwartz*, 274 F.3d 1220, 1223-34 (9th Cir. 2001), and did not find any merit in defendant's argument that because the sentence could have been reduced under Rule 35, the sentence was not final. The court concluded that defendant's argument was "foreclosed by 18 U.S.C. § 3582(b)."*Id*. at 1234. The Fourth Circuit Court of Appeals reiterated this analysis in *United States v. Sanders,* 247 F.3d 139, 143 (4th Cir. 2001) in concluding that "[t]he plain text of § 3582(b) clearly states that this later modification does not affect the date on which Sanders' judgment of conviction became final." *Id.* Here, though *Murphy, Schwartz,* and *Sanders* involved sentences reduced under Rule 35, there is no basis for legal distinction due to Thomas's sentence reduction under § 3582(c).

Furthermore, courts have similarly concluded that a motion for a sentence reduction pursuant to § 3582(c)(2) does not affect the date a judgment becomes final for purposes of § 2255. For example, in *United States v. Perez,*.2010 WL 3169413, at *2 (D.Mass. Aug. 9, 2010), the prisoner contended that his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), the same basis as Thomas's sentence reduction, based on the retroactivity amendment of the sentencing guidelines concerning crack cocaine extended the time limitations under § 2255. *Id*. at *1. The court found that "[a] sentence reduction pursuant to § 3582(c)(2) does not deprive the underlying

5

judgment of its finality for purposes of collateral attack under § 2255, and thus does not operate to restart the one-year limitations period applicable to such motions." *Id*. (citations omitted). *See Williams v. United States*, 2012 WL 398245, at *2 (M.D. Fla. Feb. 8, 2012) (a motion for reduction of sentence filed pursuant to § 3582 would not toll the one-year limitation); *Abbot v. United States*, 1998 WL 229652, at *2 (E.D. PA.) (The date on which prisoner's conviction became final is not altered by the court's motion to reduce sentence pursuant to § 3582(c)(2)); *Duckett v. United States*, 2012 WL 489206, at *1 (E.D. Tex.) (The law is clear that a modification of sentence pursuant to § 3582 does not affect the finality of judgment).

Similar to *Murphy, Schwartz,* and *Sanders,* Thomas' § 3582 motion for a reduction of a sentence does not extend the limitation period nor restart the limitation period provided in § 2255. Moreover, the district court cases discussed *infra* all held that a reduction of sentence under § 3582(c) does not affect the finality of the judgment of conviction. The plain meaning of § 3582(b) in conjunction with the Senate Report, other Circuit Court interpretations and district court opinions confirm that a sentence reduction pursuant to § 3582 does not affect the finality of Thomas's judgment.

Thomas's conviction became final once the Supreme Court denied his writ on April 20, 2009. Therefore, the one-year period of limitation began on April 20, 2009. Thomas filed his § 2255 motion on August 30, 2011, more than one year after his conviction became final. Thus his claim is time-barred.

Relying on *Wall v. Kholi*, 131 S.Ct. 1278 (2011), Thomas contends that his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582 tolled the limitation period for his § 2255 motion. The Court does not agree. *Wall* can be distinguished because the defendant, a state prisoner,

sought habeas relief under 28 U.S.C. § 2254. Title 28 U.S.C. § 2244, which addresses the calculation of § 2254's limitation period, provides in relevant part:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Section 2255 does not contain a parallel provision; rather it only provides for a one-year limitation after the conviction becomes final. When "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States,* 464 U.S. 16, 23 (1983) (citations omitted). Congress specifically allowed for a tolling provision in State post-conviction circumstances. This suggests that Congress knew it could have put similar language in § 2255 and intentionally and purposefully chose not to. Congress was well aware of its actions in omitting this particular language, and if Congress wanted to have the period tolled by the filing of motions to reduce a sentence, they could have put the specific language in the statute as they did in § 2244. Thus, Thomas's motion under § 2255 is not tolled by his § 3582 motion for a reduction in sentence.

Though § 2255 sets forth the general rule for a one-year time limitation, the Supreme Court concluded that "the one-year limitations period . . . in 28 U.S.C. § 2255, is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty,* 530 F.3d 361, 364 (5th Cir. 2008) (citing *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. " *United States v.*

7

*Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (citations omitted). A district court is granted the discretion to toll the limitations period found in § 2255. *Petty,* 530 F.3d at 364 (citing *Wynn*, 292 F.3d at 230). Equitable tolling may be allowed only "in rare and exceptional circumstances." *Petty*, 530 F.3d at 364 (citations omitted). Additionally, the plaintiff bears the burden of establishing equitable tolling. *Id*. at 365 (citations omitted). The plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his § 2255 motion." *Id*. (citations omitted).

For example, in *Petty*, defendant alleged that the district court should have equitably tolled the limitations period provided in § 2255 because his counsel was ineffective and never told him about filing deadlines, and that he was justified in relying on an assistant district court clerk's assertion of when his appeal became final. *Id.* The Fifth Circuit Court of Appeals affirmed the district court holding that plaintiff was "not justified in relying on allegedly misleading information, however obtained." *Id.* Plaintiff also contended that his status as *pro se* should relieve him of actual knowledge of the procedural rules of § 2255 motions. The court found that "[p]roceeding *pro se* is alone insufficient to equitably toll the [ ] statute of limitations . . . . [and] [f]urther, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the [§ 2255] statute of limitations." *Id.* at 365-66 (citations omitted). Moreover, "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings . . . [and] is not an extraordinary circumstance such that equitable tolling is justified." *Id.* at 366 (citations omitted).

Here, Thomas will not be afforded equitable tolling of the one-year period of limitation

found in § 2255. Though *pro se* habeas corpus applications must be construed liberally, *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988), Thomas does not suggest he was misled by the government or the court regarding his cause of action nor has he suggested that he has been prevented in an extraordinary way from asserting his rights. *Patterson*, 211 F.3d at 930-31 (citations omitted). He does not allege nor demonstrate any extraordinary circumstance that stood in the way of his timely filing to warrant equitable tolling in this situation. Under *Petty*, Thomas's assertions of ineffective assistance of counsel, the fact that he was ignorant of the law, and the fact that he is proceeding *pro se* are irrelevant to the tolling decision. 530 F.3d at 364-66. Thus, Robert Thomas will not be afforded equitable tolling of the one-year limitation. Therefore, Thomas's motion is time-barred. Accordingly, **IT IS ORDERED** that Defendant Thomas's request to vacate, set aside, or correct his sentence is **DENIED.**[2]

New Orleans, Louisiana, this 25th day of July, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because Thomas's motion is clearly time-barred, there is no need for the Court to address his claims on the merits.